John B. HOLMES, Jr., Harris County
District Attorney, Petitioner,

v.

Dan MORALES, Attorney General
of Texas, Respondent.

No. 95–1251.

Supreme Court of Texas.

Argued April 17, 1996.

Decided June 14, 1996.

William J. Delmore, III, Houston, for Petitioner.

Diane Weidert Morris, Austin, for Respondent.

BAKER, Justice.

John B. Holmes, Jr., the Harris County District Attorney, filed this action in the trial court seeking a declaratory judgment that the Texas Open Records Act does not require a prosecutor to disclose "closed" criminal litigation files. The trial court found that the Open Records Act required disclosure, and the court of appeals affirmed. Holmes asserts that the Act categorically excepts his "closed" files from disclosure. We agree. We hold that section 552.108 of the Texas Government Code (The Open Records Act) excepts Holmes' "closed" files from disclosure. Accordingly, we reverse the court of appeals' judgment.

## I. BACKGROUND FACTS

Holmes maintains a large number of files on individuals who are or have been under investigation for criminal offenses. Some files are "active" and concern on-going investigations or prosecutions. Others are "closed" and concern cases that Holmes never prosecuted or prosecuted to a conclusion, including post-conviction appellate review.

Fourteen individuals made Open Record requests for information from some of the "closed" files. Holmes asked Attorney General Morales for an opinion on whether the Open Records Act compelled disclosure of the information in those files. General Morales determined that the Act required disclosure of all or part of each file. Holmes sued for declaratory judgment, naming General Morales and the fourteen individuals as defendants. He based his action on both the Uniform Declaratory Judgment Act and the special provision for declaratory relief in the Open Records Act. By taking non-suits, Holmes reduced the number of defendants to ten, including General Morales.

## II. PROCEDURAL HISTORY

### A. The Trial Court

Holmes sought a summary judgment on the grounds that: (1) the district attorney was not a "governmental body" under the Open Records Act; (2) Sections 552.101, 552.103 and 552.108 categorically except parts of his files not previously revealed to the public from disclosure in their entirety, after conclusion of the litigation for which they were created; and (3) applying the Act to the files violates Art. II, § 1, of the Texas Constitution. General Morales filed a competing motion for summary judgment. General Morales argued that no further litigation was "reasonably anticipated" and that Holmes could not show that disclosure would "unduly interfere with law enforcement." The district court denied Holmes' motion and granted General Morales' motion, directing Holmes to disclose virtually all the files in question.

### B. The Court of Appeals

The court of appeals affirmed the trial court's judgment. That court held that the district attorney is an officer of the executive

branch of government and, therefore, subject to the Open Records Act. The court of appeals further determined that applying the Act to a prosecutor's litigation files did not violate Art. II, § 1 of the Texas Constitution. The court of appeals did not consider Holmes' statutory construction arguments because it found "the absence of an appellate controversy." 906 S.W.2d 570, 575. It reasoned that the trial court correctly denied declaratory relief about whether §§ 552.101, 552.103 & 552.108 applied beyond the specific files in question, because "the facts were undisputed and no appellate controversy is raised on appeal." 906 S.W.2d at 575.

### C. Is There An Appellate Controversy?

Holmes is not asking for an advisory opinion about other unspecified files, as the court of appeals suggests. Rather, he seeks a declaratory judgment about the files he specifically describes in his summary judgment proof. Holmes argued in both his motion for summary judgment and in his court of appeals brief that his closed files were categorically exempt from disclosure. If Holmes' argument prevailed, he would not have to produce the files at issue here. Therefore, his arguments were properly before the court of appeals.

■ When both parties move for summary judgment, the non-prevailing party may appeal both the prevailing party's motion as well as its own. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). The court of appeals may affirm the trial court's summary judgment or reverse and render judgment on the non-prevailing party's motion. *Strauss,* 745 S.W.2d at 900. Consequently, both General Morales' and Holmes' motions were properly before the court of appeals.

Before we construe the statute's exclusionary provisions, we first consider whether district attorneys are governmental bodies subject to the Open Records Act.

### III. IS THE DISTRICT ATTORNEY EXCLUDED FROM THE OPEN RECORDS ACT?

General Morales relies on *Etheridge v. State,* 903 S.W.2d 1 (Tex.Crim.App.1994),

*cert. denied,* —— U.S. ——, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995), asserting that a district attorney is a government body within the meaning of the Open Records Act. Additionally, he argues that the Legislature created the Harris County District Attorney's Office and section 43.180 of the Texas Government Code defines its powers.

Holmes argues that district attorneys are within the "judiciary department" of state government. He premises his argument on the basis that because Article V of the Texas Constitution is entitled the "judicial department," and because § 21 mentions "district attorneys," the Harris County district attorney is a member of the "judiciary." Holmes implies that the word "judiciary," as used in section 552.003(b) and the term "judicial department" at the head of Article V of the Texas Constitution are synonymous.

The Open Records Act's core provision provides that the public is entitled to information "collected, assembled, or maintained by a governmental body." TEX. GOV'T CODE § 552.021. A governmental body includes an "office that is within or is created by the executive or legislative branch of state government and that is directed by one or more elected or appointed members." *See* TEX. GOV'T CODE § 552.003(a)(1). However, section 552.003(b) states that "governmental body" does not include the judiciary. *See* TEX. GOV'T CODE § 552.003(b).

■ We reject Holmes' theory that judicial department and judiciary are synonymous. The court of appeals correctly concluded that the district attorney's office is not included in the meaning of "judiciary" because the Texas Constitution invests no judicial power in that office. 906 S.W.2d at 573. Rather, section 1, Article V specifically vests the judicial power in the courts. TEX. CONST. art. V, § 1. Article V, section 1 provides:

> The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace and in such other courts as may be provided by law.

TEX. CONST. art. V, § 1. "Judicial power," embraces powers to hear facts, to decide issues of fact made by pleadings, to decide questions of law involved, to render and enter judgment on facts in accordance with law as determined by the court, and to execute judgment or sentence. *Kelley v. State,* 676 S.W.2d 104 (Tex.Crim.App.1984); *Black v. Dallas County Bail Bond Bd.,* 882 S.W.2d 434 (Tex.App.—Dallas 1994, no writ). The Harris County District Attorney does not perform these functions. Therefore, we cannot conclude that the Legislature intended to include the district attorney's office in the word "judiciary." Moreover, article V, section 21 states that a district attorney's duties "shall ... be regulated by the Legislature." TEX. CONST. art. V, § 21. Accordingly, we affirm the court of appeals' holding that the Harris County District Attorney's office is a "governmental body" within the meaning of the Open Records Act and is, therefore, subject to its provisions.

## IV. THE OPEN RECORDS ACT

The Open Records Act contains specific exceptions from compelled disclosure of certain information relating to litigation, certain law-enforcement and prosecutors' records, and information expressly made confidential by law. TEX. GOV'T CODE §§ 552.101, 552.103, and 552.108.

The Act excepts "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." TEX. GOV'T CODE § 552.101.

The Act excepts any documents relating to litigation of a criminal nature from disclosure. It provides:

(a) Information is excepted from the requirements of Section 552.021 if it is information:

(1) relating to litigation of a civil or criminal nature or settlement negotiations, to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's office or employment, is or may be a party; and

(2) that the attorney general or the attorney of the political subdivision has determined should be withheld from public inspection.

(b) For purpose of this section, the state or political subdivision is considered to be a party to litigation of a criminal nature until the applicable statute of limitations has expired or until the defendant has exhausted all appellate and post conviction remedies in state and federal court. TEX. GOV'T CODE § 552.103.

The Act excepts records of law enforcement agencies and prosecutors. It provides:

(a) A record of a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime is excepted from the requirements of Section 552.021.

(b) An internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution is excepted from the requirements of Section 552.021. TEX. GOV'T CODE § 552.108.

■ When two sections of an act apply, and one is general and the other is specific, the specific controls. *Lufkin v. City of Galveston,* 63 Tex. 437 (1885).

Both General Morales and Holmes agree that the Open Records Act excepts from disclosure in their entirety the District Attorney's "active" files for pending or anticipated litigation. *See* TEX. GOV'T CODE §§ 552.103 and 552.108. The question is whether the Act's blanket protection continues after a file is "closed."

■ We find that section 552.108 specifically applies to a prosecutor's internal records "relating to law enforcement or prosecution." Therefore, it controls over the Act's general provisions. Consequently, we need not consider whether §§ 552.101 or 552.103 apply.

## V. THE LAW ENFORCEMENT EXCEPTION

The Attorney General construes § 552.108 to allow a prosecutor to withhold information only if its release "will unduly interfere with law enforcement or crime prevention." *See*

*e.g.,* Op. Tex. Att'y Gen. No. MW–446 (1982); Tex. Att'y Gen. ORD–616 (1993); Tex. Att'y Gen. ORD–369 (1983); Tex. Att'y Gen. ORD–287 (1981). General Morales contends that because Holmes did not argue that the records' release would unduly interfere with law enforcement and crime prevention, the Open Records Act's exceptions should not apply.

■ Holmes argues that the Attorney General's requirements have no basis in the Act's text or in the case law construing the Act. Therefore, Holmes argues they are an impermissible administrative limitation upon the Open Records Act's exceptions' plain language. Holmes reasons that the Open Records Act makes no distinction between records for "open" and "closed" cases. We agree.

■ While Attorney General opinions are persuasive, they are not controlling on the courts. *Houston Chronicle Publishing Co. v. City of Houston,* 531 S.W.2d 177, 185 (Tex. Civ.App.—Houston [14th Dist.] 1975), *writ ref'd per curiam,* 536 S.W.2d 559 (Tex.1976). General Morales relies primarily on two cases to support his argument that no exception applies to Holmes' closed files. *See Ex parte Pruitt,* 551 S.W.2d 706 (Tex.1977); *Houston Chronicle Publishing Co.,* 531 S.W.2d 177.

Section 552.108's clear and unambiguous language does not limit the statute's scope to *pending* investigations and prosecutions. *See* TEX. GOV'T CODE § 552.108.

*Houston Chronicle* does not support General Morales' position. In *Houston Chronicle,* the court of appeals recognized that § 3(a)(8) of the Open Records Act, the forerunner to § 552.108, presented a crucial exception to disclosure. *Houston Chronicle,* 531 S.W.2d at 177. The court of appeals concluded that a police Offense Report was a law enforcement agency record, dealing with the "detection and investigation of crime." *Houston Chronicle,* 531 S.W.2d at 185. The court of appeals also found that a Personal History and Arrest Record was a notation "of such law enforcement agencies which are maintained for internal use in matters relating to law enforcement." *Houston Chroni-*

*cle,* 531 S.W.2d at 185. Therefore, both records fell within the exception and were not available to the press and public. *Houston Chronicle,* 531 S.W.2d at 188. Nothing in the opinion suggests that the court's holding is limited to "open" investigation files.

In a *per curiam* opinion, we affirmed the court of appeals' judgment. We noted that the court's decision held that the records were not subject to disclosure under the Open Records Act, but were subject to disclosure under the First Amendment of the U.S. Constitution and Article I, section 8 of the Texas Constitution. *Houston Chronicle,* 536 S.W.2d at 561. Furthermore, "neither the Texas Open Records Act nor the United States or Texas Constitutions requires disclosure of the complete records sought by the Houston Chronicle...." *Houston Chronicle,* 536 S.W.2d at 561.

General Morales cites *Ex parte Pruitt* as authority for his position that Holmes must establish "undue interference with law enforcement" before he can withhold information in his closed files. *See Ex parte Pruitt,* 551 S.W.2d 706. In *Ex parte Pruitt,* we stated, in dicta, that:

> This Court recognized in *Houston Chronicle* that while strong considerations exist for allowing access to investigatory materials, the better policy reason is to deny access to the materials if it will unduly interfere with law enforcement and crime prevention.

*Ex parte Pruitt,* 551 S.W.2d at 710. *Ex parte Pruitt* was not based on the Open Records Act. It was a contempt case in which the Fire Marshal successfully argued that article 1606c, § 9 of the Texas Civil Statutes privileged his investigatory files from subpoena in a civil suit. *See* TEX.REV.CIV. STAT. ANN. art. 1606c § 9 (repealed 1987)[1]. Our dicta in *Ex parte Pruitt* refers to language in *Houston Chronicle* about the public's constitutional right of access to information, rather than the Open Records Act. Therefore, it is not persuasive authority for General Morales' position, given § 552.108's plain language.

---

1. Now *see* TEX. LOCAL GOV'T CODE § 352.018.

The Attorney General's opinions have historically borrowed examples of "undue interference with law enforcement" from the text and construction of the federal Freedom of Information Act, 5 U.S.C. A § 552 (1977)(FOIA). However, FOIA expressly limits its analogous "law enforcement exception" to materials which fall under six enumerated categories. *See* 5 U.S.C.A. § 552(b)(2),(7). It specifically includes an exception for materials which, if produced, would "interfere with enforcement proceedings." 5 U.S.C. § 552(b)(2), (b)(7)(A). In contrast, the Texas Open Records Act does not impose that limitation on the broad scope of § 552.108, its own "law enforcement exception." When the Texas Legislature used the FOIA as a model for the Texas Open Records Act, it appears to have intentionally declined to limit its law enforcement exception in the manner the United States Congress chose. It is the Legislature's responsibility to impose restrictions, if any, on the Open Records Act's unambiguous and unqualified language. Courts "are not responsible for omissions in legislation," but must "take statutes as they find them." *Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66, 70 (1920), *quoted with approval in Republic-Bank Dallas, N.A., v. Interkal,* 691 S.W.2d 605, 607 (Tex.1985).

■ The materials in Holmes' closed prosecution files are undisputedly records of the prosecutor that deal with the detection, investigation, or prosecution of crime, and the internal record and notation of the prosecutor that are maintained for internal use in matters relating to law enforcement or prosecution. *See* TEX. GOV'T CODE § 552.108. Because the statute's plain language does not discriminate between "open" and "closed" files, we find that § 552.108's blanket exemption protects Holmes' files from disclosure beyond the subject litigation's termination.

## VI. SUMMARY

The Harris County District Attorney's Office is a "governmental body" within the meaning of the Open Record's Act. Consequently, Holmes is subject to the Act's provisions. However, section 552.108's plain language makes no distinction between a prosecutor's "open" and "closed" criminal litigation files. Accordingly, the Open Records Act does not require district attorneys to disclose internal records dealing with detection, investigation, or prosecution of crime. We reverse the court of appeals' judgment and render judgment that Holmes need not disclose the subject files.