**W.T. CARTER & BRO., A Texas Partnership and Thomas L. Carter Jr., Its Managing Partner, Appellants**

v.

**ORYX ENERGY COMPANY, as Managing General Partner of Sun Operating Limited Partnership, Appellee.**

No. 04–98–00091–CV.

Court of Appeals of Texas, San Antonio.

July 21, 1999.

Rehearing Overruled Aug. 17, 1999.

R. Glen Rigby, James D. Thompson, Vinson & Elkins, L.L.P., Houston, for Appellants.

J. Albert Kroemer, Jane E. Dillinger, Prager, Metzger & Kroemer, P.L.L.C., Dallas, for Appellee.

Sitting: TOM RICKHOFF, Justice PAUL W. GREEN, Justice KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

### Nature of the case

W.T. Carter & Brother, A Texas Partnership, and Thomas L. Carter, Jr., Its Managing Partner (collectively referred to as "Carter") appeal from a summary judgment granted in favor of Oryx Energy Company, as Managing General Partner of Sun Operating Limited Partnership ("Oryx"). Carter urges that the court erred in granting Oryx's motion for summary judgment and denying its motion for summary judgment.

### Factual Background

Carter leased land under an oil and gas lease to several lessees. Two lessees, Black Stone Oil Company and Comstock Oil and Gas, Inc. filed suit against Carter seeking a declaration of their royalty obligations under several oil and gas leases. Oryx, a lessee, intervened in the lawsuit seeking a declaration of its royalty obligations under the same oil and gas leases. Carter counterclaimed against Oryx for breach of the royalty provision and for attorney's fees. Eventually, Black Stone, Comstock, and Carter dismissed all claims against each other, leaving only Carter and Oryx as parties to the suit. Carter and Oryx filed cross-motions for summary judgment. In its motion, Oryx alleged that royalty provision 3(b) of the oil and gas leases applied to its production of gas. Carter, on the other hand, contended that royalty provision 3(d) applied and that Oryx had breached the oil and gas lease. The trial court found that 3(b) applied, granting Oryx's summary judgment motion and denying Carter's motion. The main question in this case is which of the two royalty provisions applies—3(b) or 3(d). Further, Carter contests the court's finding that post-production costs could be deducted from the royalty payment.

## Summary judgment

■ When both parties file a motion for summary judgment and the trial court grants one and denies the other, the court of appeals reviews the propriety of both orders. *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex.1996). The court of appeals should determine all questions presented and may reverse the judgment and render such judgment as the trial court should have rendered. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). In a motion for summary judgment, the movant has the burden to show that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). All evidence which favors the non-movant is taken as true. *Id.* Every reasonable inference is indulged and all doubts are resolved in favor of the non-movant. *Id.*

## Royalty provisions

■ In its motion for summary judgment, Oryx urged that the royalty provisions in the oil and gas lease were unambiguous and that provision 3(b) applied to the calculation of royalties due the lessor for natural gas. Carter contended in its motion for summary judgment that provision 3(d) applied to the calculation of royalties. The court found that provision 3(b) applied and that post-production costs could be deducted from the royalty payment.[1] In pertinent part, provision 3(b) provides:

3. *Royalty Provisions:* The royalties to be paid by Lessee are as follows:

b. On gas, including casing head gas or other gaseous substance produced from the Leased Premises and *sold or used off the premises or for the extraction of gasoline or other product therefrom (except gas to which the provisions of subparagraphs c and d immediately below are applicable)*, the market value free of cost at the well of Such Fraction of the gas so sold or used, provided that on gas sold at the wells the royalty shall be Such Fraction of the amount realized from such sale....

(emphasis added). Paragraph 3(d) provides in pertinent part:

3. *Royalty Provisions:* The royalties to be paid by Lessee are as follows:
d. Lessee (itself or *with a third party* or parties) or any affiliate, parent, or subsidiary of Lessee shall have the right but shall not be obligated *to process gas produced from the Leased Premises in an absorption or extraction plant*, or other type plant or plants, whether similar or dissimilar, *for the recovery of the liquid and/or liquefiable hydrocarbons*, sulphur or other products therefrom, and if such gas is so processed, Lessor shall have and be entitled to a royalty of Such Fraction of all plant products, and all other hydrocarbons, sulphur and products so extracted, separated, produced and saved from such gas....

(emphasis added).

Both parties agree that the focus of this appeal is on the phrase "with a third party" as contained in provision 3(d). If Oryx is processing the gas with a third party, then provision 3(d) applies; otherwise,

---

1. In pertinent part, the court's judgment states:

The Court finds that the oil and gas leases which are the subject matter of this lawsuit are not ambiguous with respect to the provisions governing the calculation of royalties. The Court further finds that the provision determining the calculation of royalties is dependent upon who processes gas produced from the leases and not how the gas

is processed and that the gas is now processed by a third party, Teco Gas Processing Company, which is not affiliated with Intervenor and that such gas is therefore not processed by Intervenor itself or with a third party. The Court therefore finds that under the undisputed facts of this case, the royalties are to be calculated pursuant to Paragraph 3.b. of the leases.

provision 3(b) applies. Neither party has cited any cases which construe this provision.

The following facts are undisputed. On November 15, 1995, Oryx entered into an agreement with Teco Gas Gathering Company ("Teco Gathering") under which Teco Gathering gathers and transports gas to a gas processing facility owned by Teco Gas Processing Company ("Teco Processing") an affiliate of Teco Gathering. Oryx also entered into an agreement with Teco Processing, whereby Teco Processing processes all of Oryx's gas for the extraction of Natural Gas Liquids ("NGL's"). Under the agreement, title to the NGL's passes to Teco Processing when they are extracted but title to the gas and residue gas remains with Oryx. Teco Processing pays Oryx seventy percent of the net proceeds resulting from the sale of the NGL's and retains the remaining thirty percent. Oryx pays Teco Processing for treating the gas based on the quantity of gas delivered. Teco Processing delivers the residue gas back to Oryx who has a contract to sell the residue gas to HPL Resources Company. Oryx pays Carter royalties on seventy percent of the proceeds under the Teco agreement and on the sale of the residue gas to HPL.

Carter asserts that under the clear and unambiguous language of the lease, Oryx is processing gas *with* Teco as set forth in provision 3(d) of the lease. Carter urges that the term, "with a third party," must be given its plain, ordinary, and generally accepted meaning because it is not used in a technical or different sense. *See Western Reserve Life Ins. Co. v. Meadows*, 152 Tex. 559, 261 S.W.2d 554, 557 (1953). Webster's Dictionary defines "with" as "a function word to indicate one that shares in an action, transaction or arrangement." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2626 (1981). As evidence that Oryx is processing gas with Teco, Carter points to the fact that Oryx receives seventy percent of the net proceeds and that Oryx retains title to the gas. Carter contends that it is only when Oryx sells the gas prior to processing that it owes no royalties on the NGL's subsequently extracted. Carter asserts that Teco is not required to be affiliated with Oryx in order to be processing gas with Oryx. We agree. The provision provides that the "Lessee (itself or with a third party or parties) *or any affiliate,* parent, or subsidiary ..." shall have the right to process gas from the leased premises. Thus, the fact that Teco is not an affiliate, parent, or subsidiary of Oryx does not preclude it from being a third party that Oryx processes gas with.[2]

Oryx asserts that provision 3(d) applies when the Lessee owns the extraction or absorption plant itself or partially owns the plant with a third party.[3] Oryx complains that Carter's position would cause it to pay royalties on all the NGL's extracted. Thus, Oryx would be paying royalties on the NGL's for which Teco Processing receives thirty percent of the net proceeds.[4] Carter counters that the clear language of provision 3(d) provides that royalties are owed on NGL's when Oryx processes gas with a third party regardless of who owns the plant.

**2.** The court's judgment stated that the provision calculating royalties is dependent upon who processes gas and not how the gas is produced. The court found that the gas was processed by a third party, Teco, which was not affiliated with Oryx and therefore the gas was not processed by Oryx or with a third party. The court's judgment could be construed as requiring affiliation between Oryx and Teco which is not required under the plain meaning of provision 3(d).

**3.** During oral argument, counsel for Oryx was asked to give an example of a situation which would trigger provision 3(d). Counsel responded that a joint venture where Oryx shared in the costs and profits and losses would constitute processing gas "with a third party."

**4.** We note that Oryx could have contracted with Teco to pay the royalties on the thirty percent, but did not do so.

708

Given the plain, ordinary meaning of the word "with," we find that Oryx processes gas with Teco, thereby triggering provision 3(d). Oryx shares in an action, transaction and arrangement with Teco Processing to extract NGL's from the gas. Oryx does not simply sell the gas to a third party who then processes the gas. Oryx benefits from the extraction of the NGL's because it receives a share of the proceeds. Therefore, we find that the court erred in granting Oryx's motion for summary judgment and denying Carter's motion for summary judgment. We sustain Carter's first issue. Having found that provision 3(d) applies, we need not address the issue of post-production costs of royalties paid under provision 3(b).

### Conclusion

Accordingly, we reverse the court's summary judgment and remand to the trial court to determine Carter's breach of contract damages and attorney's fees.