# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00595-CV

**Shelly L. Salazar, Appellant**

**v.**

**Lawrence Green, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. FM402244, HONORABLE PETER M. LOWRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Shelly L. Salazar appeals from a summary judgment granted in favor of her ex-husband, Lawrence Green, disestablishing him as the presumed father of the child, C.G., who was born during the course of their marriage. Salazar urges that the court erred in granting Green's motion and in denying her motion for summary judgment. In two points of error, Salazar challenges the court's judgment on the grounds that Green's action to disestablish himself as the child's parent is barred by the statute of limitations and is not in the best interest of the child. Because Green has not demonstrated his entitlement to summary judgment and genuine issues of material fact remain, we reverse the order granting summary judgment and remand for further proceedings.

## BACKGROUND AND PROCEDURAL HISTORY

Salazar and Green were married on June 5, 1989. They were divorced on November 19, 1991. During their marriage, Salazar and Green had two children, B.G. and C.G. The child at issue in this case, C.G., was born on July 28, 1991. Green was named as the father on C.G.'s birth certificate. The divorce decree names B.G., but not C.G., as a child of the marriage. Presently, Green resides in the state of Washington; Salazar and C.G. reside in Austin.

Salazar filed a request with the Texas Attorney General to pursue collection of child support from Green. In response, Green filed an action in Travis County district court in March, 2004 seeking to disestablish paternity of C.G. Salazar argued that Green was barred from bringing the action by the four-year statute of limitations set forth in section 160.607(a) of the Texas Family Code. *See* Tex. Fam. Code Ann. § 160.607(a) (West 2004). The trial court held a hearing on May 21, 2004, and ordered genetic testing to determine paternity. The results of the paternity test showed that Green is not the biological father of C.G.

Green and Salazar filed cross-motions for summary judgment. Each party argued that the other was barred by the four-year statute of limitations under section 160.607(a) of the family code. *See id.* Additionally, Green argued that the paternity test disestablished him as the biological father and should also disestablish his status as the presumed father. The trial court granted summary judgment in favor of Green, stating that Green was "not the biological parent of the child, [C.G.]" and disestablished him as her father.

2

**ANALYSIS**

The standards for review of a traditional summary judgment are well established: the movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When summary judgment is sought on the ground of limitations, as here, the movant has the burden to conclusively establish the applicability of the affirmative defense. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 220 (Tex. 2004). Generally, a party cannot appeal the denial of a motion for summary judgment because it is an interlocutory order and thus not appealable. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). When both parties move for summary judgment and the trial court grants one motion and denies the other, however, the unsuccessful party may appeal both the prevailing party's motion and the denial of its own. *See Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex. 1996). We review the summary judgment evidence presented by both sides, determine all questions presented, and render such judgment as the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). We review the trial court's decision to grant summary judgment *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

This case turns on the appropriate statute of limitations to be applied. Salazar argues that Green is barred by the four-year statute of limitations because he is the presumed father and any

3

proceeding to adjudicate parentage must be commenced within four years of the child's birth. *See* Tex. Fam. Code Ann. § 160.607(a). Green argues that he comes under the exception to the four-year limitations period allowing him to bring his paternity suit at any time. *See id.* § 160.607(b).

A man is presumed to be the father of a child if he is married to the mother of the child and the child is born during the marriage. *Id.* § 160.204(a)(1) (West Supp. 2004-05). A presumption of paternity may be rebutted only by adjudication. *Id.* § 160.204(b). Section 160.607 of the family code limits the time for filing a suit to adjudicate the parentage of a child who has a presumed father:

(a) Except as otherwise provided in Subsection (b), a proceeding brought by a presumed father, the mother, or another individual to adjudicate the parentage of a child having a presumed father shall be commenced not later than the fourth anniversary of the date of the birth of the child.

(b) A proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained *at any time* if the court determines that:

(1) the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception; and

(2) the presumed father never represented to others that the child was his own.

*Id.* § 160.607 (emphasis added).

Green is C.G.'s presumed father because he was married to Salazar when C.G. was born. *See id.* § 160.204(a)(1). Without an applicable exception under section 160.607(b), the

limitations period for an adjudication of C.G.'s parentage expired on July 28, 1995, four years after her birth. Accordingly, in order for Green to maintain his suit to disestablish paternity after the four-year statute of limitations, he must prove that he did not live with or engage in sexual intercourse with Salazar and that he never represented to others that C.G. was his child. *See id.* § 160.607(b). Without a finding of fact on these points, however, we may not conclude as a matter of law whether Green's suit is barred by the statute of limitations in section 160.607(a). For the same reasons, we cannot conclude whether Salazar's child support action is barred by the statute of limitations, as Green urges in his motion for summary judgment.

The parties offer conflicting summary judgment evidence on the issues of whether they were living together or engaging in sexual intercourse during the probable time of C.G.'s conception. The probable time of C.G.'s conception was on or about November 1, 1990.[1] At that time, Green was in the United States Army and stationed in Germany. Salazar went to Germany to see her husband in late 1990. The parties dispute the time frame of this visit, as well as whether they resided together and engaged in sexual intercourse during that time. Salazar avers in her affidavit that she arrived in Germany on or about November 1, 1990, that she resided with Green there until shortly before Christmas 1990, and that they engaged in sexual intercourse during that period. By contrast, Green avers in his affidavit that the last time he saw Salazar was "a little more than one (1) year prior to [C.G.]'s birth," and that they "never had any sexual intercourse in December of 1991

---

[1] Salazar avers this date of conception in her affidavit, and Green does not present any evidence to the contrary.

[sic] when I last saw her prior to the birth of [C.G.]."[2]  This factual dispute speaks to section 160.607(b)(1), which exempts a claim from limitations if, in addition to the requirements under section (b)(2), the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception.  *Id.* § 160.607(b)(1). Accordingly, the dispute concerns an issue of material fact, precluding summary judgment, as it speaks directly to whether either party is barred by the statute of limitations.

Similarly, the parties offer conflicting summary judgment evidence regarding whether Green ever represented to others that C.G. was his child.  Section 160.607(b)(2) of the family code requires that the presumed father have never represented to others that the child was his own in order to avoid the four-year statute of limitations.  *Id.* § 160.607(b)(2).  Salazar claims that Green has represented to others that C.G. was his child.  She avers in her affidavit that Green chose C.G.'s name.  She also states that Green listed C.G. as his dependent with the United States Army, thereby qualifying C.G. for Green's military benefits, and that C.G. enjoyed these benefits until mid-2004. Salazar further contends that Green represented to others that C.G. was his child by giving her presents and treating her the same as their other child.  Conversely, Green maintains that he never represented to others that C.G. was his child.  He asserts in his affidavit that he did not name himself on her birth certificate or enroll C.G. for his military benefits.  Rather, Green avers that Salazar

_____

[2]  Green's affidavit is inconsistent with his appellate brief regarding the dates when the parties saw each other prior to C.G.'s birth.  Green concedes in his appellate brief that Salazar went to Germany in December 1990 but denies that he and Salazar lived together or engaged in sexual intercourse during that time.  Additionally, C.G. was born on July 28, 1991; thus, if Green saw Salazar in December 1991 as he avers in his affidavit, it would have been after, not before, C.G.'s birth.  For purposes of this motion, we will assume that Green intended to reference 1990 and that his reference to 1991 in his affidavit is a typographical error—albeit not an insignificant one.

named him as the father so that the medical expenses of the pregnancy and birth would be covered by his military medical benefits. Green also highlights, and Salazar does not dispute, that C.G.—unlike B.G.—is not named as a child of their marriage in the divorce decree. Until the facts are resolved, neither party is entitled to summary judgment on grounds of limitations.

Green argues that the trial court made factual determinations in his favor during the May 21, 2004 hearing on the issues of whether Green and Salazar were living together or engaging in sexual intercourse during the probable time of C.G.'s conception and whether Green ever represented to others that C.G. was his child. Green claims that the trial court's order for genetic testing is evidence that these factual determinations were made. Salazar disputes that any findings were made, and we find none in the record. The order from the May 21 hearing does not include any findings of fact, nor does it address the statute of limitations; it orders a genetic test and does no more.[3] Because the record is silent, the factual issues regarding the applicable statute of limitations remain unresolved.

**CONCLUSION**

Due to the genuine issues of material fact, neither party has demonstrated an entitlement to summary judgment. Whether either party is barred by the four-year statute of limitations is unclear. Because each makes factual allegations on point, the parties are entitled to a hearing on the issues of (i) whether they were living together or engaging in sexual intercourse during the probable time of C.G.'s conception and (ii) whether Green ever represented to others that

---

[3] Until the statute of limitations issue is resolved, we cannot determine the relevance of the court's order for genetic testing.

C.G. was his own child. Accordingly, we reverse the trial court's summary judgment order and remand for further proceedings consistent with this opinion.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed:   July 29, 2005