August 1, 2011

Mr. Rolando B. Pablos, Chair
Texas Racing Commission
Post Office Box 12080
Austin, Texas 78711-2080

Opinion No. GA-0867

Re: Constitutionality of section 6.06(d) of article 179e of the Texas Racing Act, which imposes racetrack licensing residency requirements (RQ-0936-GA)

Dear Mr. Pablos:

You ask "whether Section 6.06(d) of the Texas Racing Act . . . is constitutional under the Interstate Commerce Clause of the United States Constitution."[1]

Section 6.06(d) provides that the "majority ownership of a partnership, firm, or association applying for or holding a [racetrack] license must be held by citizens who meet the residency qualifications enumerated in this section for individual applicants." TEX. REV. CIV. STAT. ANN. art. 179e, § 6.06(d) (West 2010). *See also id.* § 1.01 (indicating that article 179e is the Texas Racing Act). Those qualifications provide that the Texas Racing Commission ("TRC") may refuse to issue a license if "the applicant has not been a United States citizen residing in this state for the period of 10 consecutive years immediately preceding the filing of the application." *Id.* § 6.06(a)(12).

The Commerce Clause of the United States Constitution provides, "The Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes[.]" U.S. CONST. art. I, § 8, cl. 3. *See also Hughes v. Oklahoma*, 441 U.S. 322, 323 (1979) (identifying article I, section 8, clause 3 as the Commerce Clause). The United States Supreme Court's general rule in evaluating whether a state law violates the Commerce Clause is to

> inquire (1) whether the challenged statute regulates evenhandedly with only "incidental" effects on interstate commerce, or discriminates against interstate commerce either on its face or in practical effect; (2) whether the statute serves a legitimate local purpose; and, if so, (3) whether alternative means could promote this local purpose as well without discriminating against interstate commerce.

---

[1] Letter from Mr. Rolando B. Pablos, Chair, Texas Racing Commission, to Honorable Greg Abbott, Attorney General of Texas at 1 (Dec. 20, 2010), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

*Hughes*, 441 U.S. at 336 (citation omitted).  The second and third *Hughes* inquiries involve mixed questions of law and fact.  Attorney general opinions do not answer fact questions.  Tex. Att'y Gen. Op. No. GA-0643 (2008) at 7 n.4.[2]  Because we cannot perform the fact-based analysis that a court would conduct in considering the constitutionality of section 6.06(d), we cannot conclude how a court would resolve constitutional questions involving section 6.06(d).[3]

---

[2]Although the Legislature requires the TRC to adopt rules relating to license applications "[t]o preserve and protect the public health, welfare, and safety[,]" it does not explain why it included citizenship requirements in section 6.06(d).  TEX. REV. CIV. STAT. ANN. art. 179e, § 6.06(a), (d) (West 2010).

[3]If we answered the fact questions necessary to perform the *Hughes* test, which we cannot do, and if we issued an opinion concluding that section 6.06 is unconstitutional, which we are not doing, our opinion would not empower the TRC to disobey section 6.06.  *See Sexton v. Mount Olivet Cemetary Ass'n*, 720 S.W.2d 129, 137–38 (Tex. App.—Austin 1986, writ ref'd n.r.e.) (explaining that a state agency has no power other than one expressly granted by statute or implied as necessary to exercise a power expressly granted); *Pierce v. Tex. Racing Comm'n*, 212 S.W.3d 745, 751–52 (Tex. App.—Austin 2006, pet. denied) (indicating that the TRC is a state agency).  *See also Holmes v. Morales*, 924 S.W.2d 920, 924 (Tex. 1996) (explaining that attorney general opinions are persuasive but not binding).

## S U M M A R Y

The United States Supreme Court's test for determining whether a state statute violates the Commerce Clause of the United States Constitution involves mixed questions of law and fact. Because this office cannot answer questions of fact, we cannot perform the legal analysis necessary to determine how a court would resolve constitutional questions involving section 6.06(d) of the Texas Racing Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee