**Opinion issued May 13, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00801-CV

———————————

**THADDEUS GENE ROBERTS JR., Appellant**

**V.**

**THERESA MICHELLE SWAIN, Appellee**

---

**On Appeal from the 246th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-40527**

---

## MEMORANDUM OPINION

Thaddeus Gene Roberts Jr. appeals the district court's order setting the termination date of his child support obligation to Theresa Michelle Swain. He contends that the district court erred because its determination of the termination

date is contrary to section 154.002(a)(2) of the Texas Family Code, section 25.085 of the Texas Education Code, and the findings of the Child Support Division of the Office of the Attorney General of Texas (OAG). We affirm.

## Background

On February 16, 2012, the OAG filed an Amended Suit for Modification of Support Order and Motion to Confirm Support Arrearage related to Roberts's and Swain's two children, S.D.G and S.L.G.[1] Roberts filed an Emergency Motion for Temporary Orders on June 19, 2013, in which he argued that he had complied with his child support obligations through October 2012[2] and had submitted documentation to the OAG's Child Support Division demonstrating that S.L.G., who turned eighteen years old in October 2012,[3] had failed to comply with minimum attendance requirements entitling her to continued child support.[4] Based

---

[1]    In the suit, the AG stated that the order it sought to modify was the final divorce decree signed January 31, 2000.

[2]    Roberts attached to his appellate brief as "Tab G" a copy of one page of a fourteen-page order purportedly showing that the court increased Roberts's monthly child support obligation to $820.00 beginning June 1, 2012.

[3]    The amended suit states that S.D.G.'s birthdate is "12/14/1991" and S.L.G.'s birthdate is "10/14/94."

[4]    Under Family Code section 154.002, entitled "Child Support Through High School Graduation," a trial court may modify an existing support order providing child support past the 18th birthday of a child who is enrolled in an accredited secondary school in a program leading to a high school diploma and complying

2

on S.L.G.'s age and her alleged failure to comply with attendance requirements, Roberts requested that the court enter a temporary order suspending the income withholding order and collection of child support arrears pending a hearing. Swain subsequently filed an answer alleging that Roberts had failed to make his child and medical support payments as ordered by the court and that S.L.G. had been enrolled for the 2012-13 school year and had met the minimum attendance requirements entitling her to continued child support.

On August 28, 2013, the trial court conducted a hearing on the OAG's motion to confirm child support arrearage and to determine whether the child support obligation had been fulfilled. At the conclusion of the hearing, the trial court determined that (1) the evidence did not demonstrate that S.L.G. had failed to comply with minimum attendance requirements and (2) Roberts's child support obligation had therefore terminated at the end of the school year on May 31, 2013.[5]

## Discussion

Roberts contends that the district court erred in determining that his child support obligation terminated on May 31, 2013, rather than in October 2012. He argues that, in doing so, the court disregarded Family Code section 154.002(a)(2),

---

with the minimum attendance requirements of Chapter 25, Subchapter C, of the Education Code. *See* TEX. EDUC. CODE ANN. § 154.002(a) (West 2014).

[5] In its order entered August 28, 2013, the trial court also found that Roberts owed child support arrears of $4,279.73, and ordered him to pay the arrears at the rate of $500 per month beginning October 1, 2013 until discharged.

Education Code section 25.085, and the findings of the OAG's Child Support Division.

The statutory sections upon which Roberts relies provide, in relevant part, as follows:

**§ 154.002. Child Support Through High School Graduation**

(a) The court may render an original support order, or modify an existing order, providing child support past the 18th birthday of the child to be paid only if the child is:

(1) enrolled:

(A) under Chapter 25, Education Code, in an accredited secondary school in a program leading toward a high school diploma; . . . and

(2) complying with:

(A) the minimum attendance requirements of Subchapter C, Chapter 25, Education Code . . . .

TEX. FAM. CODE ANN. § 154.002(a)(1), (2) (2014).

**§ 25.085. Compulsory School Attendance**

. . .

(e) A person who voluntarily enrolls in school or voluntarily attends school after the person's 18th birthday shall attend school each school day for the entire period the program of instruction is offered. A school district may revoke for the remainder of the school year the enrollment of a person who has more than five absences in a semester that are not excused under Section 25.087. A person whose enrollment is revoked under this subsection may be considered an unauthorized person on school district grounds for purposes of Section 37.107.

Tᴇx. Eᴅᴜᴄ. Cᴏᴅᴇ Aɴɴ. § 25.085(3) (West 2012).

Roberts argues that the district court based its decision that his child support obligation had terminated on May 31, 2013, solely on the fact that S.L.G. was enrolled as required under subsection (a)(1) of Family Code section 154.002, but that it ignored the requirement under subsection (a)(2) that she comply with the minimum attendance requirements. Roberts asserts that S.L.G. had fifteen unexcused absences for the first semester of the school year and a total of thirty-six unexcused absences for the entire school year. He argues that this number exceeds the five unexcused absences permitted under section 25.085(e) of the Education Code.

In support of his assertion that S.LG. exceeded the number of permitted absences, Roberts relies on two of S.L.G.'s report cards for the 2012-2013 school year. However, the report cards are not evidence that S.L.G. did not meet the minimum attendance requirements. Specifically, the report cards show only the number of S.L.G.'s absences during the school year but do not indicate which, if any, were unexcused. Further, the report cards reflect that S.L.G. received credit and grades in each grading period of the 2012-13 school year, undermining Roberts's contention that S.L.G. did not meet minimum attendance requirements.[6]

---

[6] At the hearing, the trial court reached a similar conclusion:

We conclude that the trial court's determination that Roberts's child support obligation terminated on May 31, 2013 does not conflict with Family Code section 154.002(a)(2) or Education Code section 25.085.

Roberts also contends that the trial court erred because its determination conflicted with the findings of the OAG's Child Support Division that his obligation had terminated in October 2012. However, appellant cites no authority—nor are we aware of any—stating that a letter from an individual at the OAG is binding upon the trial court. *Cf. In re Smith*, 333 S.W.3d 582, 588 (Tex. 2011) (noting Attorney General opinions are persuasive but not binding); *Holmes v. Morales*, 924 S.W.2d 920, 924 (Tex. 1996) (stating Attorney General opinions are persuasive but not controlling authority).

We conclude that the trial court did not err in determining that Roberts's child support obligation terminated at the end of the school year on May 31, 2013. As such, we overrule Roberts's issues one through three.

---

> She got a report card; she attended. If they said, "You don't get a report card because you didn't attend and you don't qualify as a full-time student," then that's it. But if they give a report card and say, "You missed some number of days, but here are your grades," then she attended and missed 45 days.

## Conclusion

We affirm the trial court's order.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.