# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00374-CV

**Jamar Osborne, Appellant**

**v.**

**Warren Kenneth Paxton, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-14-004694, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pro se appellant Jamar Osborne was the Green Party's candidate for Texas Attorney General in 2014. He ran against appellee Warren Kenneth Paxton,[1] who won the election, and two other candidates; all three of Osborne's opponents were licensed attorneys and members of the State Bar of Texas. In November 2014, Osborne filed suit seeking a declaration that Paxton and the other two candidates were constitutionally ineligible to be Attorney General. He asserted that (1) Paxton and the other candidates were "defacto members of the judiciary" because they are attorneys licensed by the State Bar of Texas, (2) the Texas Constitution bars a member of the judicial branch from "exercising any power" attached to one of the other two branches of government, (3) the Texas Attorney General is an executive officer, and (4) Paxton and the other candidates were therefore ineligible to serve as Attorney General. He further contended that it was a conflict of interest for an

---

[1] Paxton is currently serving as Texas Attorney General.

attorney to serve as an executive officer and that it "violates the separations [sic] of powers doctrine for the judiciary to exercise tax authority [in the form of dues paid to the State Bar] over the executive branch." In a supplemental petition, Osborne added an assertion that Paxton took his oath of office shortly before the 2015 legislative session began and before the Speaker of the House declared the winner of the election and that the oath thus was premature and invalid. Paxton filed two motions for summary judgment, one in response to each of Osborne's petitions.

The trial court held a hearing and granted summary judgment for Paxton, dismissing Osborne's claims. Osborne appeals, contending that the court erred in granting summary judgment in favor of Paxton.[2] We affirm the trial court's granting of summary judgment.

As a preliminary matter, Osborne is incorrect that it was error to grant summary judgment because Paxton filed a general denial and did not present summary judgment evidence. The filing of a general denial simply puts in issue all of a plaintiff's allegations and requires the plaintiff to prove his case. *See* Tex. R. Civ. P. 92; *Frymire Eng'g Co. v. Grantham*, 524 S.W.2d 680, 680-81 (Tex. 1975). It does not preclude a defendant from moving for summary judgment if there is no factual dispute and if, as a result of those facts, the plaintiff's claims must fail as a matter of law. There is no dispute that Paxton is an attorney licensed in Texas, that Osborne is not so licensed, that Paxton received the most votes in the election, and that the Office of the Attorney General is a part of the executive branch. Thus, summary judgment was proper if Paxton showed as a matter of law that an attorney is not constitutionally barred from holding the office of Texas Attorney General

_____

[2] Osborne states in the opening portion of his brief that the trial court also erred in granting summary judgment without first allowing Osborne to conduct discovery, but he never presents this argument in the body of his brief.

simply by holding a license issued by the State Bar.  *See Devoe v. Great Am. Ins.*, 50 S.W.3d 567, 570 (Tex. App.—Austin 2001, no pet.) (if "pertinent facts" are undisputed, court of appeals can determine propriety of granting of summary judgment as matter of law); *Blass v. Hanover Am. Ins. Co.*, No. 03-98-00657-CV, 1999 WL 699837, at *1 (Tex. App.—Austin Sept. 10, 1999, pet. denied) (not designated for publication) ("The parties do not dispute the material facts of this case. Consequently, the issue presented on appeal is purely a legal matter.").

Osborne argues that a licensed attorney is "of" the Judicial Department and thus barred by the separation-of-powers clause from assuming the executive office of Attorney General of Texas.  *See* Tex. Const. art. IV, § 1 (Attorney General is executive officer).  We disagree with the assertion that attorneys are part of the Judicial Department.

The separation-of-powers doctrine arises from article II, section 1 of the constitution, which states:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

*Id*. art. II, § 1.  "Separation of powers principles are violated when one government department assumes a power that is more 'properly attached' to another branch or when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers." *Matchett v. State*, 941 S.W.2d 922, 932 (Tex. Crim. App. 1996).

The "Judicial Department" is defined by article V, and section 1 states that "[t]he judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law." *Id.* art. V, § 1.[3] Judicial power is the power "to hear facts, to decide issues of fact made by pleadings, to decide questions of law involved, to render and enter judgment on facts in accordance with law as determined by the court, and to execute judgment or sentence." *Holmes v. Morales*, 924 S.W.2d 920, 923 (Tex. 1996); *Kelley v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984). Whether an office is a part of the judicial department depends on whether the office wields judicial power, and "section 1, Article V specifically vests the judicial power in the courts." *Holmes*, 924 S.W.2d at 922.

Although an attorney is an "officer of the court," *see Ex parte Norton*, 191 S.W.2d 713, 716 (Tex. 1946), and must be licensed by the State Bar[4] in order to practice law in Texas, this does not lead to a conclusion that a licensed attorney is a member of the judiciary as contemplated

---

[3] Article V does not discuss attorneys in general and instead addresses the structure of the court system; describes the jurisdictions of the various courts; states that justices, judges, district and county clerks, county and district attorneys, and sheriffs are to be elected and provides term lengths for those offices; and sets out qualifications for justices, judges, clerks, and jurors. *See generally* Tex. Const. art. V.

[4] The licensing and discipline of attorneys is governed by the State Bar of Texas, which aids "the judicial department's powers under the constitution to regulate the practice of law," is under the administrative control of the Texas Supreme Court, and is included in the "Judicial Branch" in the government code. Tex. Gov't Code §§ 81.011, .051 .071; *see also State Bar v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (supreme court's powers to regulate practice of law "are administrative powers, necessary to the preservation of the judiciary's independence and integrity"); *see generally* Tex. Gov't Code §§ 81.001-84.004 (title 2, "Judicial Branch," subtitle G, "Attorneys").

by article II.[5]  Attorneys do not hear facts, determine issues of fact or law, render judgment, or execute judgments.  Instead, they represent litigants in proceedings before the judiciary, draft legal documents, and otherwise represent their clients' interests.  *See, e.g.*, *In re El Paso Healthcare Sys., Ltd.*, 225 S.W.3d 146, 152 (Tex. App.—El Paso 2005, orig. proceeding).  The Texas Supreme Court's opinion in *Holmes*, stating that district attorneys are not part of the judiciary despite that office being addressed in article V, supports our conclusion: "the Texas Constitution invests no judicial power in that office" and district attorneys have no power to hear facts, decide issues of fact and law, render judgment, or execute judgments or sentences.  *See* 924 S.W.2d at 922-23.[6]  If a district attorney's office is not part of the judiciary, certainly an attorney is not a part of the judiciary simply by wont of being licensed by the State Bar.  *See id.*; *see also United States v. Ray*, 375 F.3d 980, 996 (9th Cir. 2004) (U.S. Attorney's fulfilling duties owed as officer of court did not impair ability to accomplish responsibilities as member of executive branch, and ordering him to assist in judicial proceeding did not "impair the executive branch's ability to fulfill its constitutional duties").

As noted by Paxton, constitutional or statutory provisions that restrict the right to hold a public office are strictly construed against ineligibility.  *See In re Francis*, 186 S.W.3d 534, 542

---

[5]  Under Osborne's logic, it would seem that a clerk employed by the Legislative Reference Library would be a member of the legislative branch.  *See* Tex. Gov't Code §§ 324.001-.010.

[6]  The Texas Court of Criminal Appeals, in discussing prosecuting attorneys, came to the opposite conclusion, stating that "[b]y establishing the office of county attorney under Article V, the authors of the Texas Constitution placed those officers within the Judicial department."  *Meshell v. State*, 739 S.W.2d 246, 253 (Tex. Crim. App. 1987).  We rejected that conclusion in our analysis of the issue, *see Holmes v. Morales*, 906 S.W.2d 570, 572-73 (Tex. App.—Austin 1995), *rev'd on other grounds*, 924 S.W.2d 920 (Tex. 1996), and the Texas Supreme Court agreed, *see Holmes*, 924 S.W.2d at 923 ("We reject Holmes' theory that judicial department and judiciary are synonymous. The court of appeals correctly concluded that the district attorney's office is not included in the meaning of 'judiciary' because the Texas Constitution invests no judicial power in that office.").

(Tex. 2006) (orig. proceeding); *Dawkins v. Meyer*, 825 S.W.2d 444, 448 (Tex. 1992); *Hall v. Baum*, 452 S.W.2d 699, 702 (Tex. 1970). Considering the duties and functions performed by attorneys in general, and considering the constitution as a whole, we conclude that attorneys do not become members of the judicial department as comprehended by article II of the Texas Constitution when they obtain a license from the State Bar.[7]

Paxton established as a matter of law that Osborne's basic premise, that an attorney becomes a member of the judicial department as contemplated by article II when he obtains a license through the State Bar, is incorrect. We overrule Osborne's arguments on appeal and affirm the trial court's orders granting summary judgment in favor of Paxton.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   June 9, 2016

---

[7] As for Osborne's assertion that attorneys' required bar dues "are analogous to a tax" and violate the separation-of-powers doctrine by allowing the State Bar to exercise tax authority over the executive branch, we overrule this insufficiently briefed and supported argument but note that requiring Paxton to pay dues to maintain his law license does not amount to the State Bar exercising authority over the office of the Attorney General.