

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

October 23, 2023

The Honorable Renee Ann Mueller
Washington County Attorney
100 East Main, Suite 200
Brenham, Texas 77833

**Opinion No. KP-0448**

Re: Whether the District Attorney's Office located in a stand-alone building with no other courts or court offices is a building that houses the operations of a district, county, or justice court for purposes of an expenditure from the courthouse security fund (RQ-0509-KP)

Dear Ms. Mueller:

You ask about the use of monies from the courthouse security fund.[1] You tell us that "Washington County District Attorney Julie Renken requested that the Commissioners Court purchase bullet proof [g]lass to aid in security measures for her office." Request Letter at 1. You explain that "[t]he Washington County District Attorney's office prosecutes felony cases in the 21st and 335th judicial district courts" but is located in a building across the street from the judges' offices and courtrooms. *Id.* at 2; *see also* TEX. GOV'T CODE § 43.108 (providing that the Washington County district attorney represents the State in the 21st and 335th judicial district courts). You ask "[w]hether the District Attorney's Office located in a stand-alone building with no other courts or court offices can use the monies in the courthouse security fund for the purchase of bullet proof glass as a building 'that house[s] the operations of a district, county, or justice court.'" Request Letter at 2.

> **A county commissioners court may use monies from the courthouse security fund to purchase or repair bullet-proof glass related to buildings that house the operations of district, county, or justice courts.**

The courthouse security fund is a fund in the county treasury consisting of fees assessed in certain criminal and civil cases. TEX. CODE CRIM. PROC. art. 102.017(a). The county commissioners court administers the fund which "may be used only for security personnel, services, and items related to buildings that house the operations of district, county, or justice courts[.]" *Id.* art. 102.017(b), (e). The term "security personnel, services, and items" expressly

---

[1]*See* Letter from Honorable Renee Ann Mueller, Washington Cnty. Att'y, to Off. of the Tex. Att'y Gen. at 1 (Apr. 28, 2023), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2023/RQ0509KP.pdf ("Request Letter").

includes "the purchase or repair of bullet-proof glass[.]" *Id.* art. 102.017(c)(11). Thus, your question requires we consider the meaning of "operations of a district, county, or justice court."

> **A court would likely conclude that a building does not house the operations of a district, county, or justice court if it is devoid of adjudicators.**

When construing a statute, a court's primary objective is to determine the Legislature's intent which, when possible, is discerned from the plain meaning of the words chosen. *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 557 (Tex. 2022). "Words not statutorily defined bear their common, ordinary meaning unless a more precise definition is apparent from the statutory context or the plain meaning yields an absurd result." *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018).

The term "operations" is not defined for purposes of article 102.017 and so we look first to the dictionary definition of the term. *See Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017) (explaining that courts typically look first to a dictionary definition to determine the common meaning of an undefined term). Webster's Dictionary broadly defines "operations" as "the whole process of planning for and operating a business or other organized unit." WEBSTER'S THIRD NEW INT'L DICTIONARY 1581 (1993); *see also Sun Operating Ltd. P'ship v. Holt*, 984 S.W.2d 277, 285 (Tex. App.—Amarillo 1999, pet. denied) (examining several dictionary definitions and concluding that "the ordinary definition of the word 'operation' connotes an overall process aimed at achieving a particular end"). However, a more limited meaning is apparent from the statute's context.

The phrase "operations of a district, county, or justice court" cannot be read in isolation. *See Harris Cnty. Appraisal Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 129 (Tex. 2017) (providing that a court will not "give an undefined statutory term a meaning that is out of harmony or inconsistent with other provisions in the statute"). Subsection 102.017(b) provides that the "operations of a district, county, or justice court include the activities of associate judges, masters, magistrates, referees, hearing officers, criminal law magistrate court judges, and masters in chancery appointed under" specified statutes. TEX. CODE CRIM. PROC. art. 102.017(b). If the Legislature intended the phrase "operations of a district, county, or justice court" to be interpreted according to its common meaning (i.e., encompass a building that houses any actor in the whole process of planning for and operating a district, county, or justice court), its specific enumeration of these seven types of appointees would be unnecessary. Further, the phrase "must be construed in context to comport with the surrounding text." *In re Millwork*, 631 S.W.3d 706, 712–13 (Tex. 2021). The appointees in subsection 102.017(b) are adjudicators in that it is their job to make formal judgments or decisions about problems or disputed matters. *See* TEX. CODE CRIM. PROC. art. 102.017(b); *see, e.g.*, NEW OXFORD AMERICAN DICTIONARY 20 (3d ed. 2010) (defining "adjudicator" and "adjudicate"). Thus, the list of appointees indicates that the Legislature intended the phrase "operations of a district, county, or justice court" to refer to buildings that house individuals who engage in activities of an adjudicatory nature. Read in context, a court would likely conclude that a building does not house the operations of a district, county, or justice court if it is devoid of adjudicators.

The activities of a district attorney are not adjudicative in nature in the sense that a district attorney does not act in the role of adjudicator.[2] *Cf. Holmes v. Morales*, 924 S.W.2d at 922–23 (recognizing that district attorneys have no power to hear facts, decide issues of fact and law, render judgment, or execute judgments or sentences). Rather, the district attorney's activities are primarily prosecutorial in nature. *See* TEX. CODE CRIM. PROC. art. 2.01 (providing "[e]ach district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely"). If the building encompassing the Washington County District Attorney's office is devoid of individuals who engage in activities of an adjudicatory nature, a court would likely conclude it does not house the operations of a district, county, or justice court.

---

[2]We acknowledge that the Court of Criminal Appeals has concluded that "[t]he offices of county and district attorney . . . are in the judicial branch of government." *State v. Stephens*, 663 S.W.3d 45, 50 (Tex. Crim. App. 2022). This decision was and remains egregiously incorrect. *See Paxton Asks Court of Criminal Appeals to Reverse Its Decision Stripping OAG of Authority to Stop Election Fraud*, TEX. ATT'Y GEN. (Jan. 3, 2022), https://texasattorneygeneral.gov/news/releases/paxton-asks-court-criminal-appeals-reverse-its-decision-stripping-oag-authority-stop-election-fraud. However, *Stephens* is not ultimately relevant to your request because the Texas Supreme Court, not a criminal appellate court, would likely decide the issue you present for our review, and to the extent the issues in *Stephens* are relevant here the decision contradicts the Texas Supreme Court's more well-considered precedent. Specifically, the Texas Supreme Court has historically decided on separation-of-powers issues through a functional inquiry of what powers are being exercised consistent with longstanding constitutional interpretation as opposed to which article such power may be found. *See Brady v. Brooks*, 89 S.W. 1052, 1056 (Tex. 1905); *Holmes v. Morales*, 924 S.W.2d 920, 923 (Tex. 1996) ("The court of appeals correctly concluded that the district attorney's office is not included in the meaning of 'judiciary' because the Texas Constitution invests no judicial power in that office.").

## S U M M A R Y

Under Code of Criminal Procedure article 102.017(b), a county commissioners court may use monies from the courthouse security fund to purchase or repair bullet-proof glass related to buildings that house the operations of district, county, or justice courts. A court would likely conclude that a building does not house the operations of a district, county, or justice court if it is devoid of adjudicators.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee