The STATE of Texas, Appellant,

v.

Tom NEWTON, Appellee.

Nos. 04–03–00633–CR to
04–03–00637–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 24, 2005.

Ronald L. Sutton, Dist. Atty., Junction, Kurtis S. Rudkin, Law Office of Kurtis S. Rudkin, Boerne, for appellant.

David L. Botsford, Law Office of David L. Botsford, Austin, Stanley G. Schneider, Schneider & McKinney, P.C., Houston, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

The State of Texas appeals from the trial court's order dismissing five indictments against Tom Newton for misuse of official information under § 39.06(c) of the Texas Penal Code. TEX. PEN.CODE ANN. § 39.06(c) (Vernon 2003). We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of the actions of attorneys Frank Ford and Tom Newton in representing their client, Harold Shields, in his federal civil rights and malicious prosecution suit. In March 2000, a Kerr County grand jury indicted Harold Shields for aggravated sexual assault based on evidence presented by an assistant district attorney, Donnie Jeanne Coleman, and an investigator, Carol Twiss. The presentation to the grand jury was not

recorded or transcribed. The victim later recanted, and the State dismissed the indictment. Shields then filed a federal lawsuit against the county, the prosecutor and the investigator, alleging their failure to present exculpatory evidence to the grand jury violated his civil rights and constituted malicious prosecution.[2] In August 2001, Coleman and Twiss gave depositions in the federal suit in which they discussed their recollection of the evidence that was presented to the grand jury. Coleman testified that the grand jury had been presented with all of the evidence, the "good and the bad," and, specifically, had been presented with information about Shields that did not match the victim's description.[3] Twiss testified similarly, but in less detail.

In October 2001, Shields' attorneys, Ford and Newton, or their representatives, purportedly contacted several of the grand jurors who had returned the indictment against Shields seeking disclosure of the information that was presented to the grand jury. Ford and Newton also subpoenaed several of the grand jurors in an attempt to take their videotaped depositions for the federal lawsuit. Coleman and Twiss moved to quash the subpoenas and requested a protective order preventing Shields and his attorneys from any further contact with the grand jurors. The federal district judge quashed the subpoenas

and granted the protective order. Only then did Ford and Newton petition the state district court under article 20.02(d) of the Texas Code of Criminal Procedure to order disclosure of the information presented to the grand jury. *See* TEX.CODE CRIM. PROC. ANN. art. 20.02(d) (Vernon 2005). The trial court denied the request, and this court affirmed. *See In re Grand Jury Proceedings*, 129 S.W.3d 140, 144 (Tex.App.-San Antonio 2003, pet. denied) (holding prosecutors have no duty to present exculpatory evidence to a grand jury, and thus Shields could not show a particularized need to take the grand jurors' depositions under article 20.02(d) of Texas Code of Criminal Procedure).

On February 26, 2003, Ford and Newton were indicted for "knowingly and with the intent to obtain a benefit, solicit[ing] or receiv[ing] from a public servant, to wit: grand juror [name], information that said public servant had access to by means of his/her office, and that said information had not been made public." *See* TEX. PEN. CODE ANN. § 39.06(c). Each attorney was separately indicted for allegedly contacting five different grand jurors. Ford and Newton filed a joint motion to quash the indictments alleging six grounds. After a hearing, the trial court dismissed the indictments based on three of the six grounds alleged in the motion: failure to

---

2. The elements of a malicious prosecution claim are: (1) a criminal prosecution was commenced against the plaintiff; (2) the prosecution was initiated or procured by the defendant; (3) the prosecution terminated in favor of the plaintiff; (4) the plaintiff was innocent; (5) the defendant lacked probable cause to instigate the prosecution; (6) the defendant acted with malice in bringing the prosecution; and (7) the plaintiff suffered damages as a result of the prosecution. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex.1997); *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 94 (Tex.App.-San Antonio 2003, pet. denied).

3. The victim had said the man's name who molested her started with an "M;" the initials "MB" were on his mailbox; he had been molesting her for a long time; he showed her pictures on his computer; he had a particular type of truck; and he lived alone. Shields did not have an "M" in his name; had only moved to the Kerrville area within the last year; did not have a computer in his home; had a different type of truck; and lived with his wife.

allege an offense as a matter of law because grand jury information does not meet the definition of "information that has not been made public" under § 39.06(d); inadequate notice of the type of "information" solicited or received; and inadequate notice of the "benefit" to be obtained from the information. *See* TEX. PEN.CODE ANN. § 39.06(d) (Vernon 2003). The trial court also held that subsections (c) and (d) of § 39.06 are unconstitutionally void for vagueness. The State perfected its appeal.[4] The five appeals relating to Newton were consolidated with each other, and the five appeals relating to Ford were similarly consolidated.[5]

### ANALYSIS

■ On appeal, the State asserts: (1) the indictments tracked the statute and thus sufficiently alleged an offense under § 39.06(c); (2) the indictments adequately notified the defendants of the nature of the charges against them; and (3) subsections (c) and (d) of § 39.06 are not unconstitutionally void for vagueness.[6] *See* TEX. PEN. CODE ANN. §§ 39.06(c),(d). In their joint brief, Ford and Newton respond that: (1) the trial court did not abuse its discretion in quashing the indictments upon any of the six grounds alleged in their motion; (2) by not objecting during the hearing, the State waived any right to complain that they did not brief the constitutionality of the statute in their motion; and (3) the statute is unconstitutionally vague, and the indictments were properly quashed on that

basis as well. This court may affirm the trial court's dismissal of the indictments under any correct theory of law applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990) (if trial court's decision is correct on any theory of law applicable to the case, it will be sustained even when the judge gives the wrong reason for his decision); *see also McNair v. State*, 75 S.W.3d 69, 71 (Tex. App.-San Antonio 2002, no pet.). Because we affirm the trial court's judgment on the basis that the indictments failed to allege an offense as a matter of law, we address only that issue on appeal.

### Motion to Quash Indictment

■ We begin our analysis by looking at the proper way to analyze the sufficiency of an indictment. To be sufficient, the face of an indictment must charge all the elements of an offense in plain and intelligible words so that a person of common understanding would know what is meant. TEX. CODE CRIM. PROC. ANN. arts. 21.02(7), 21.03, 21.11 (Vernon 1989); *State v. Mays*, 967 S.W.2d 404, 406 (Tex.Crim.App.1998). The indictment must allege the offense with that degree of certainty that will give the defendant adequate notice of the offense so he may prepare a defense and may plead the judgment in bar of any future prosecution for the same offense. TEX.CODE CRIM. PROC. ANN. arts. 21.04, 21.11 (Vernon 1989); *Mays*, 967 S.W.2d at 406. Generally, an indictment which tracks the language of a criminal statute is sufficient

---

4. The State is represented in these cases by an attorney pro tem. On January 12, 2005, this court issued two published opinions denying the appellees' joint motion to dismiss the State's appeal for lack of jurisdiction and holding that the attorney pro tem had authority to file notice of appeal on behalf of the State. *See State v. Ford*, 158 S.W.3d 574, 581–82 (Tex.App.-San Antonio 2005, pet. dism'd); *State v. Newton*, 158 S.W.3d 582, 590 (Tex.App.-San Antonio 2005, pet. dism'd).

5. See this court's opinion in Appeal Nos. 04–03–00628–CR through 04–03–00632–CR.

6. The State also argues that Ford and Newton did not allege the statute is unconstitutional in their motion to quash, and thus waived the issue.

to allege an offense and to provide a defendant with notice of the charged offense. *State v. Edmond,* 933 S.W.2d 120, 127–28 (Tex.Crim.App.1996); *see also DeVaughn v. State,* 749 S.W.2d 62, 67 (Tex.Crim.App. 1988).

■■■■ Upon the filing of a timely motion to quash, the indictment must be analyzed to determine whether it states on its face the facts necessary to allege that an offense was committed, to bar a subsequent prosecution for the same offense, and to give the accused notice of the precise offense with which he is charged. *DeVaughn,* 749 S.W.2d at 67. The indictment must state facts which, if proved, show a violation of the law; the indictment must be dismissed if such facts would not constitute a criminal offense. *Posey v. State,* 545 S.W.2d 162, 163 (Tex.Crim.App. 1977); *State v. Williams,* 780 S.W.2d 891, 894 (Tex.App.-San Antonio 1989, no pet.). Whether an indictment alleges an offense is a question of law subject to *de novo* review. *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004); *Johnson v. State,* 954 S.W.2d 770, 771 (Tex.Crim.App.1997) (purely legal questions are reviewed *de novo* ); *State v. Hoffman,* 999 S.W.2d 573, 574 (Tex.App.-Austin 1999, no pet.) (failure of indictment to allege an offense is a question of law).

### *Failure to Allege an Offense as a Matter of Law*

■■■ The statute under which Ford and Newton were indicted is entitled "Misuse of Official Information," and provides as follows in relevant part:

(c) A person commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he solicits or receives from a public servant information that:

(1) the public servant has access to by means of his office or employment; and

(2) has not been made public.

(d) In this section, "information that has not been made public" means any information to which the public does not generally have access, and that is prohibited from disclosure under Chapter 552, Government Code.

TEX. PEN.CODE ANN. §§ 39.06(c),(d). The offense is a third degree felony. TEX. PEN. CODE ANN. § 39.06(e) (Vernon 2003).

The trial court quashed the indictments in part because they failed to allege an offense as a matter of law, finding that information presented to the grand jury was not information "prohibited from disclosure under Chapter 552" of the Texas Government Code, as required by the definition of the offense in § 39.06(d). *See* TEX. PEN.CODE ANN. § 39.06(d). Chapter 552 of the Government Code is commonly known as the Open Records Act.[7] *See* TEX. GOV'T CODE ANN. §§ 552.001–.353 (Vernon 2004). The State argues on appeal that the indictments tracked the statutory language and the statute is completely descriptive of the offense; therefore, the indictments sufficiently alleged an offense under § 39.06(c) of the Penal Code. *See Mays,* 967 S.W.2d at 406.

The criminal offense created by § 39.06(c) is further described by § 39.06(d)'s definition of "information that has not been made public." TEX. PEN.CODE ANN. §§ 39.06(c),(d). The definition contains two components stated in the conjunctive: information to which the public

---

7. The legislature amended Chapter 552 of the Government Code effective September 1, 1995, and redesignated the Texas Open Records Act as the "Public Information Act." *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1035, § 29, 1995 Tex. Gen. Laws 5127, 5142 (effective Sept. 1, 1995).

does not generally have access; *and* that is prohibited from disclosure under the Open Records Act. TEX. PEN.CODE ANN. § 39.06(d). With respect to the first component of the definition, it is well established that grand jury proceedings are secret, and that information presented to the grand jury is not generally available to the public. *See* TEX.CODE CRIM. PROC. ANN. arts. 19.34, 20.02(a) (Vernon 2005); *see also Ex parte Martin,* 6 S.W.3d 524, 528 n. 15 (Tex.Crim.App.1999) (citing *Stern v. State,* 869 S.W.2d 614, 621–22 (Tex.App.-Houston [14th Dist.] 1994, writ denied), and its discussion of the historical role of the grand jury and the statutory scheme making grand jury proceedings subject to strict secrecy). In recognition of the secrecy of grand jury proceedings, the legislature has provided a specific procedure for obtaining access to grand jury information based on a showing of particularized need. TEX.CODE CRIM. PROC. ANN. art. 20.02(d). The parties do not dispute, and we concur, that information presented to a grand jury clearly constitutes "information to which the public does not generally have access," and thus meets the first part of § 39.06(d)'s definition of non-public information.

With respect to the second component of § 39.06(d)'s definition, that the subject information be "prohibited from disclosure under Chapter 552," we look to the Open Records Act to determine whether it "prohibits disclosure" of grand jury information. We begin by examining the Act to determine what is "prohibited" from disclosure. The Open Records Act is broadly structured as follows: Subchapter A, which contains general provisions including definitions of terms used in the Act; Subchapter B, which establishes the public's right of access to public information; Subchapter C, which provides numerous exceptions to required disclosure; Subchapters D through F, which establish the

procedures for the Act's administration and the disclosure of public information; Subchapter G, which provides for Attorney General decisions on whether information is subject to disclosure; and Subchapters H and I, which provide methods for civil enforcement and penalties for criminal violations. *See* TEX. GOV'T CODE ANN. §§ 552.001–.353.

■ While § 39.06(d) of the Penal Code uses the phrase *"prohibited* from disclosure under Chapter 552," nowhere in the Open Records Act does it *prohibit* the disclosure of any information; rather, it provides a set of *exceptions* to required disclosure for certain categories of public information. TEX. GOV'T CODE ANN. § 552.101–.142 (Vernon 2004); *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 356 (Tex.2000). It is readily apparent that the terminology used in the penal statute does not match the terminology of the Open Records Act. We are, however, required to construe the two statutes so that they work together in order to bring about the legislature's intent. *See Boykin v. State,* 818 S.W.2d 782, 785–86 (Tex.Crim.App.1991) (courts interpret a statute according to the literal meaning of the words used, unless doing so leads to an absurd result that the legislature could not have intended, in which case, courts may consider extra-textual factors to arrive at a sensible interpretation); *see also LaSara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 565 (Tex.1984) (if possible, court is required to construe statutes in harmony with each other). Therefore, in order to give meaning to the penal statute, we will construe the phrase "prohibited from disclosure" in § 39.06(d) to mean the set of exceptions to disclosure listed in Subchapter C of the Act. *See* TEX. GOV.CODE ANN. § 552.101–.142.

For purposes of our analysis, we must next determine whether the Open Records Act "prohibits disclosure" of grand jury information. The purpose of the Open Records Act is to provide public access to "complete information about the affairs of government and the official acts of public officials and employees." TEX. GOV'T CODE ANN. § 552.001(a) (Vernon 2004); *City of Garland*, 22 S.W.3d at 355–56. The Act defines "public information" as any information that is "collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body...." TEX. GOV'T CODE ANN. § 552.002(a) (Vernon 2004). Under the Act, public information is required to be made available to the public during normal business hours of the governmental body. TEX. GOV'T CODE ANN. § 552.021 (Vernon 2004). Grand juries, however, are not designated as a "governmental body." *See* TEX. GOV'T CODE ANN. § 552.003(1)(A) (Vernon 2004). In addition, the judiciary is expressly excluded from the definition of a "governmental body;" therefore, judicial information is not "public information" subject to the Open Records Act. *See* TEX. GOV'T CODE ANN. § 552.003(1)(B) (Vernon 2004); *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex.1996).

Ford and Newton argue, and the trial court agreed, that because grand juries are considered part of the judiciary, information presented to a grand jury is exempt from the Open Records Act and its disclosure is neither permitted nor "prohibited" under the Act; therefore, the solicited information does not meet the second prong of the definition of non-public information and the indictments failed to allege an offense under § 39.06(c) of the Penal Code. In determining whether a particular entity is an extension of the judiciary for purposes of the Open Records Act, our focus is on the nature and functions of the entity. *Benavides v. Lee*, 665 S.W.2d 151, 151–52 (Tex.App.-San Antonio 1983, no writ). The grand jury has historically been characterized as an extension of the judiciary, " 'an arm of the court by which it is appointed'... rather than ... an autonomous entity." *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex.Crim.App.1987) (quoting W. LaFAVE & J. ISRAEL, CRIMINAL PROCEDURE § 8.4 (1984)); *see also Holmes*, 924 S.W.2d at 923 (characterizing "judicial power" as the power to hear and decide issues of fact, to decide questions of law, to render judgment on the facts in accordance with the law, and to execute judgment). We note that the Texas Attorney General has also opined that the Open Records Act does not apply to information within the actual or constructive possession of a grand jury because the grand jury is an extension of the judiciary for purposes of the Open Records Act. OP. TEX. ATT'Y GEN. ORD.-513 (1988) (further stating, "[i]nformation held by a grand jury ... is not itself subject to the Open Records Act").[8] We agree that based on its nature and functions the grand jury is an extension of the judiciary. *See Harrison v. Vance*, 34 S.W.3d 660, 663 (Tex.App.-Dallas 2000, no pet.); *Dallas County Dist. Attorney v. Doe*, 969 S.W.2d 537, 542 (Tex. App.-Dallas 1998, no pet.); *Euresti v. Valdez*, 769 S.W.2d 575, 577–78 (Tex.App.-Corpus Christi 1989, no writ).

Although the State concedes that the grand jury is an extension of the judiciary, it argues that because the Open Records Act refers to the judiciary and recognizes an alternative means of access

---

8. Attorney general opinions are not binding on the courts, but may be considered as persuasive. *Holmes*, 924 S.W.2d at 924.

to judicial information, it therefore "prohibits" disclosure of judicial information. *See* Tex. Gov't Code Ann. §§ 552.003(1)(B), 552.0035 (Vernon 2004).[9] The State also argues that because the Act contains a general exception to disclosure for all information made confidential by other laws, it "prohibits" disclosure of grand jury information which is secret by nature. *See* Tex. Gov't Code Ann. § 552.101 (Vernon 2004). The State's arguments are fatally flawed because the Open Records Act clearly and unequivocally excludes judicial information from its scope. *See* Tex. Gov't Code Ann. § 552.003(1)(B). In fact, the judiciary is the only branch of government that is expressly excluded from the definition of a "governmental body;" thus its information falls outside the definition of "public information" under the Act. *See id.;* Tex. Gov't Code Ann. § 552.002(a). The State's argument further fails to recognize that the first inquiry in determining whether particular information is even *subject to* the Act is to determine whether the information meets the Act's definition of "public information." *See City of Garland,* 22 S.W.3d at 359. Only after information is determined to be "public information" subject to the Act's provisions does it become relevant whether such public information falls within an exception to disclosure provided by the Act. *See id.; see also City of Garland v. Dallas Morning News,* 969 S.W.2d 548, 554 (Tex.App.-Dallas 1998), *aff'd,* 22 S.W.3d 351 (Tex.2000) (noting that "[w]hether the information is excepted from disclosure is irrelevant to the initial question of whether the information is public and, therefore, governed by the Act"). Our analysis need not extend beyond the initial inquiry because the Act expressly provides that judicial information is not "public information" subject to the Act. Tex. Gov't Code . Ann. §§ 552.003(1)(B), 552.002(a); *see City of Garland,* 22 S.W.3d at 357 (whether information is public information subject to the Open Records Act is a question of law).

### Conclusion

We conclude that because the grand jury is an extension of the judiciary, and judicial information is not "public information" within the meaning of the Open Records Act, grand jury information is not subject to the Open Records Act. *See City of Garland,* 22 S.W.3d at 359. Because the Open Records Act is simply *not applicable* to information presented to a grand jury, the information that Ford and Newton allegedly solicited or received from the grand jurors did not fall within the Act's scope, and thus could not be "prohibited from disclosure under Chapter 552," as required by § 39.06(d) of the Penal Code. Accordingly, the indictments did not allege facts that, if true, would constitute an offense under § 39.06(c). *See* Tex. Pen.Code Ann. §§ 39.06(c),(d). We therefore affirm the trial court's judgment dismissing the indictments on this basis. Because we affirm the trial court's judgment on this ground, we do not address the remaining issues raised on appeal, including the constitutionality of § 39.06(c) and (d) of the Penal Code.

---

9. Section 552.0035(a) of the Open Records Act acknowledges that the public's access to information maintained by the judiciary is governed by an alternative procedure outside the Act comprised of "rules adopted by the Supreme Court of Texas or ... other applicable laws and rules." Tex. Gov't Code Ann. § 552.0035(a).