Affirmed and Memorandum Opinion filed September 13, 2007








Affirmed and Memorandum Opinion filed September 13, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01157-CR

_______________

 

SAMUEL MORTAY GRANDERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 14,335

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Samuel Mortay Granderson, pleaded guilty to
harassment of persons in certain correctional facilities.  In his sole issue,
appellant contends the trial court erred at the motion to revoke community
supervision hearing by failing to credit time served prior to entry of his
guilty plea. Our disposition is based on settled law.  Accordingly, we issue
this memorandum opinion and affirm.  See Tex. R. App. P.
47.4.  

 

 








I. Background

 In June 2004, while appellant was imprisoned for another
conviction, he was charged with two felony counts of harassment of persons in
certain correctional facilities.  On April 7, 2005, appellant pleaded guilty to
one count of the harassment charges.  The trial court sentenced appellant to 10
years= community
supervision and required that he serve 120 days= confinement as
one of the conditions of probation.  The trial court credited appellant 84 days
toward the required 120 days= confinement.  This 84-day credit
represented the time appellant was confined prior to signing the plea
agreement. 

On September 5, 2006, the State filed a Amotion to revoke
probation.@  On November 21, 2006, the trial court found that
appellant had violated several conditions of his probation.  The trial court
revoked appellant=s community supervision and sentenced him
to 10 years= confinement.  Appellant received credit for 64 days
toward the 10 years= confinement.  The 64-day credit was based
on the time appellant served after the State filed its motion to revoke
probation until the date of the hearing.  

II. Analysis 

In his sole issue, appellant contends the trial court erred
by not granting him additional jail credit for the 84 days that were credited
toward the 120 days served as a condition of his  community supervision. 
Specifically, appellant contends that, under Texas Code of Criminal Procedure
article 42.03, section 2(a), the trial court was required to credit him for
time served between arrest and sentencing, and, relative to the 2006 sentence,
the trial court erred by failing to give him credit for the 84 days served from
the time of arrest until his guilty plea to the harassment charges.  See
Tex. Code Crim. Proc. art. 42.03 ' 2(a) (Vernon
2006).

Texas Code of Criminal
Procedure, article 42.03 section 2(a) provides:








In all criminal cases the judge of the court in which the defendant was
convicted shall give the defendant credit on his sentence for the time the
defendant has spent in jail in said cause, other than confinement served as
a condition of community supervision, from the time of his arrest and
confinement until his sentence by the trial court.  

Tex. Code
Crim. Proc. art. 42.03 ' 2(a) (emphasis
added).  Under article 42.03, section 2(a), it is mandatory for a trial
court to grant a defendant credit for time served prior to sentencing.  Ex
parte Green, 688 S.W.2d 555, 557 (Tex. Crim. App. 1985) (explaining that
the purpose of article 42.03, section 2(a) was to alleviate the incidental
punitive effect of pretrial confinement).  The Court of Criminal Appeals has
held that while the convicting court is not required to credit time served as a
condition of community supervision,  the court is also not precluded from
giving credit for confinement as a condition of community supervision.  Ex
parte Quinby, 928 S.W.2d 565, 566 (Tex. Crim. App. 1996) (holding that
article 42.03, section 2(a) Arequires a trial court to
give credit for jail time which is not a condition of community supervision,
but does not itself preclude credit for confinement as a condition of community
supervision, although other statutes do preclude such credit under some
situations@); see also Taylor v. State, 126 S.W.3d 201,
204 (Tex. App.CHouston [1st Dist.] 2003, no pet.); Garcia v. State,
No. 07-01-0366, 2002 WL 1421539, at *1 (Tex. App.CAmarillo June 28,
2002, no pet.) (not designated for publication).

In
support of his argument, appellant cites Robles v. State, 141 S.W.3d
250, 251 (Tex. App.CAustin 2004, no pet.).  In Robles, the defendant was
convicted of aggravated assault with a deadly weapon and sentenced to six years= confinement; however, the trial
court did not credit the defendant the time he served from his arrest until his
conviction.  Id.  On appeal, the court granted the defendant credit
toward his sentence for time served.  Id. at 255. Appellant=s reliance on Robles is
misplaced because the court did not address the issue of time served that was
previously credited toward confinement as a condition of community supervision.








In Armstrong v. State, the Waco Court of Appeals
addressed whether, in the context of revoked community supervision, a trial
court must award a defendant credit for time that was previously credited
toward his condition of community supervision.  See No. 10-02-077, 2003
WL 22023575, at *1 (Tex. App.CWaco Aug 27, 2003, pet. ref=d) (not designated
for publication).  In Armstrong, as a part of a plea agreement, the trial
court assessed punishment at 730 days= confinement and a
$1,000 fine, with the imprisonment suspended by community supervision for 2
years.  Id.  As a condition of community supervision, the trial court
required the defendant to serve 169 days.  Id.  This 169 days
represented the number of days the defendant had served between the time of his
arrest and his plea.  Id.  When the defendant=s community
supervision was revoked, the trial court assessed  punishment of 450 days= confinement and a
$1,000 fine.  Id.  The trial court only credited the defendant with 83
days, which was the time the defendant had spent in confinement prior to his
revocation hearing, but the trial court did not credit the defendant for any of
the 169 days he served prior to his original plea.  Id. at *1B2.  On
appeal, the defendant argued that denying him credit for the 169 days served
prior to his plea, on the basis that he served the time as a condition of his
community supervision, violated his right to due process and equal protection
because it Arob[bed] him of that back time.@  Id. at
*2.  The court of appeals concluded that the defendant=s argument failed
because he was given credit for 169 days assessed as a condition of community
supervision.  Id. This credit of 169 days prevented him from actually
having to serve those 169 days following his guilty plea.  Id. 

Here, appellant served 84 days prior to his guilty plea for
the harassment charge.  As a condition of  community supervision, he was
sentenced to 120 days confinement.  The trial court credited the 84 days served
prior to his guilty plea toward the 120 days confinement. Therefore, because
the trial court credited the 84 days, he was required to  serve only an
additional 36 days as a condition of community supervision.








When appellant=s probation was
revoked, the trial court sentenced him to 10 years= confinement and
he was credited with the 64 days he had served between the date the State filed
its motion to revoke probation and the date of hearing. The trial court
properly did not credit the 84 days served from the date of appellant=s initial arrest
to the date of his guilty plea. Just as in Armstrong, if appellant had
not received credit for the 84 days served as a condition of community supervision,
he would have been required to serve 84 more days than he actually served. 
Therefore, we hold the trial court did not err by refusing to credit appellant
an additional 84 days when calculating his sentence of 10 years= confinement. 

Accordingly,
appellant=s sole issue is overruled, and the judgment of the
trial court is affirmed.

 

 

 

/s/      Charles
W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed September 13, 2007.

Panel consists of
Justices Yates, Edelman, and Seymore.*


Do Not Publish C Tex. R. App. P. 47.2(b).









*  Senior Justice Richard H. Edelman sitting by
assignment.