Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-07-00623-CR

The **STATE** of Texas,
Appellant

v.

Oralia Lopez **GOLLIHAR**,
Appellee

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. CROF-05-143
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Alma L. López, Chief Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  July 2, 2008

REVERSED AND REMANDED

        The State of Texas appeals the trial court's order granting Oralia Lopez Gollihar's motion

to quash the indictment.  The State contends the trial court erred in concluding: (1) a peace officer

cannot be the "another" referred to in section 37.10(d)(3) of the Texas Penal Code; and (2) the

presentation of a false insurance card to a peace officer during a traffic stop is not "harm" as that

term is used in section 37.10(d)(3).  We reverse the trial court's order and remand the cause to the

trial court for further proceedings.

## BACKGROUND

Gollihar was indicted for tampering with a governmental record, as follows:

[Gollihar] with intent to harm and defraud another, to-wit, Gerald Johnson, intentionally and knowingly present[ed] and use[d] a document, to wit, an insurance card, with knowledge of its falsity and with intent that it be taken as a genuine governmental record.

Gollihar filed a motion to quash the indictment asserting that the district court lacked jurisdiction over the cause because the offense was a misdemeanor and the allegation that Gollihar acted "with intent to harm or defraud another" did not increase the offense to a second degree felony because Johnson was not an "another" for purposes of section 37.10(d)(3).

The trial court granted the motion to quash and entered written findings of fact and conclusions of law. The trial court took judicial notice that Johnson was a deputy for the Bandera County, Texas Sheriff's Department and a duly licensed peace officer. The trial court concluded, "[a] peace officer can not [sic] be *another* for the purposes of §37.10(d)(3)" and "[t]he presentation of a false insurance card to a peace officer during a traffic stop is not *harm*, as defined in §1.07(25) . . . as that term is used in §37.10(d)(3)."

## DISCUSSION

Whether an indictment alleges an offense is a question of law subject to de novo review. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *State v. Newton*, 179 S.W.3d 104, 108 (Tex. App.—San Antonio 2005, pet. dism'd). In this case, the indictment alleged that Gollihar committed the offense of tampering with a governmental record by presenting or using a false

automobile insurance card, which is defined as a governmental record under section 37.01(2)(d).[1] Tᴇx. Pᴇɴ. Cᴏᴅᴇ Aɴɴ. § 37.10(a)(2); 37.01(D)(2) (Vernon Supp. 2007). Although an offense of tampering with a governmental record is ordinarily a Class B misdemeanor if the governmental record is an automobile insurance card, the offense becomes a second degree felony if "the actor's intent in committing the offense was to defraud or harm another." Tᴇx. Pᴇɴ. Cᴏᴅᴇ Aɴɴ. § 37.10(d)(1), (3) (Vernon Supp. 2007). Based on the trial court's conclusions of law, the issue in this case is whether Johnson, a peace officer, can be the "another" for purposes of section 37.10(d)(3) and, if so, whether the presentation of a false insurance card to a peace officer can result in "harm."

In construing a statute, we generally focus on its text because the statute's text is the only definitive evidence of what the legislators had in mind when the statute was enacted. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). When a statute is clear and unambiguous, we apply the plain meaning of its words. *Ex parte Evans*, 964 S.W.2d 643, 646 (Tex. Crim. App. 1998). Statutory or legislative definitions should be applied to construe the words of a statute where such definitions are available. Tᴇx. Gᴏᴠᴛ. Cᴏᴅᴇ Aɴɴ. § 311.011(b) (Vernon 2005); *Robles v. State*, 141 S.W.3d 250, 255 (Tex. App.—Austin 2004, pet. ref'd) (applying statutory definitions). We consider extra-textual factors only if the statutory language is ambiguous or if the plain language of the statute would lead to an absurd result the legislature could not possibly have intended. *Boykin*, 818 S.W.2d at 785.

---

[1]Gollihar was charged with committing an offense under section 37.10(a)(2) which provides: "A person commits an offense if he: . . . (2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with an intent that it be taken as a genuine governmental record;". Tᴇx. Pᴇɴ. Cᴏᴅᴇ Aɴɴ. § 37.10(a)(2) (Vernon Supp. 2007).

In this case, the term "another" has been statutorily defined as "a person other than the actor." TEX. PEN. CODE ANN. § 1.07(a)(5) (Vernon Supp. 2007). Applying this definition to the phrase "defraud or harm another" in section 37.10(d)(3), the statute unambiguously allows Gollihar to be charged with a second degree felony if he intended to defraud or harm Johnson, who was a person other than Gollihar, the actor.

Moreover, the term "harm" is statutorily defined to mean "anything reasonably regarded as loss, disadvantage, or injury, including harm to another person in whose welfare the person affected is interested." TEX. PEN. CODE ANN. § 1.07(a)(25) (Vernon Supp. ). In this case, Johnson, as a peace officer, is interested in protecting the welfare of other motorists. "To the extent a driver evades [the requirement of carrying proof of insurance] by obtaining a false proof of insurance form, other motorists are defrauded and subjected to harm in the form of a greater risk of financial loss due to the uninsured driver." *Helling v. State*, Nos. 14-96-00153-CR, 14-96-00154-CR, & 14-96-00155-CR, 1998 WL 833819, at *2 (Tex. App.—Houston [14th Dist.] Dec. 3, 1998, no pet.) (not designated for publication). Therefore, not only was Johnson disadvantaged by Gollihar's production of a false insurance card by having to take additional actions, *see Briones v. State*, 76 S.W.3d 591, 196 (Tex. App.—Corpus Christi 2002, no pet.) (harm not required to affect pecuniary interest), but other motorists in whose welfare Johnson was interested were also harmed. *See Helling*, 1998 WL 833819, at *2. Moreover, although not statutorily defined, in the context of tampering with a governmental record, "intent to defraud another" is defined as a conscious objective or desire to cause another to rely upon the falsity of a representation, such that the other person is induced to act or to refrain from acting. *Martinez v. State*, 6 S.W.3d 674, 678 (Tex. App.—Corpus Christi 1999, no pet.); *see also Christmann v. State*, 08-04-00103-CR, 2005 WL 3214832, at *5 (Tex. App.—El

Paso 2005, no pet.) (not designated for publication). By producing the false insurance card, Gollihar intended to cause Johnson to rely upon its falsity and refrain from ticketing her.

Applying the statutory definitions or the plain meaning of the terms used in section 37.10(d)(3), the statute is unambiguous, and the indictment properly charged Gollihar with a second degree felony within the district court's jurisdiction. Gollihar argues, however, that the plain language of the statute would lead to absurd results because using or presenting a false insurance card to a peace officer would always be a second degree felony and never a Class B misdemeanor, even though both degrees of the offense are contemplated by section 37.10. Gollihar relies on cases interpreting whether two statutes are *in pari materia* in making this argument.

To determine if two statutes are *in pari materia*, a court considers whether: (1) the two statutes are contained in the same legislative act; (2) the same elements of proof are required by the two statutes; (3) they involve different penalties; and (4) they were obviously designed to serve the same purpose and objective. *Segura v. State*, 100 S.W.3d 652, 654 (Tex. App.—Dallas 2003, no pet.). Although both the Class B misdemeanor and the second degree felony offenses of tampering with a governmental record are contained in the same legislative act, the second degree felony does not contain the same elements of proof as the Class B misdemeanor. The second degree felony requires the additional showing of intent to defraud or harm another. *See Wingo v. State*, 143 S.W.3d 178, 192 (Tex. App.—San Antonio 2004), *aff'd*, 189 S.W.3d 270 (Tex. Crim. App. 2006). The offenses also involve different penalties. Finally, although similar in purpose, the second degree felony is intended to impose a greater punishment where the greater culpable mental state of "intent to defraud or harm another" is established. Whether or not presenting a false insurance card to a peace officer will always be able to be alleged and shown to establish a second degree felony and

whether or not circumstances exist in which presenting or using a false insurance card would be limited to a Class B misdemeanor, the imposition by the legislature of a greater penalty where the intent to defraud or harm another exists does not mean the plain language of the statute leads to absurd results.

## CONCLUSION

The trial court's order is reversed, and the cause is remanded for further proceedings.

Phylis J. Speedlin, Justice

PUBLISH