

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00128-CR

Joshua **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR7686
Honorable Lorina I. Rummel, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  January 24, 2018

AFFIRMED

Joshua Sanchez appeals the trial court's denial of his pre-trial motion to quash the indictment charging him with theft of property, to wit: copper, with a value less than $20,000. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(F)(iii) (West 2011).[1]  We affirm the trial court's judgment.

---

[1] Statute in effect at the time of the offense.

**BACKGROUND**

Sanchez was indicted for the state jail felony offense of theft as follows:

> [O]n or about the 21st Day of August, 2013, JOSHUA SANCHEZ, hereinafter referred to as defendant, with intent to deprive the owner, D.R. HORTON, of property namely: copper, did then and there unlawfully, without the effective consent of the owner, appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had value of less than Twenty Thousand Dollars ($20,000.00).

Sanchez filed a pre-trial motion to quash the indictment for vagueness and lack of adequate notice of the charged conduct in violation of his due process rights. At the hearing before the trial court, Sanchez specifically argued that the "on or about" date was too close to the statute of limitations and therefore was not specific enough. Sanchez also argued that the value allegation "less than $20,000.00" contained no minimum value and was not specific enough to provide adequate notice of the charged conduct. Finally, Sanchez argued the word "copper" was inadequate to provide notice because the type or quality of copper had to be specified in the indictment.

At the conclusion of the hearing, the trial court denied Sanchez's motion to quash. The trial court found that the state jail felony case was indicted within the applicable statute of limitations and the "on or about" language was therefore sufficient, and that the "less than $20,000.00" value and description of the property as "copper" both tracked the statutory language and provided sufficient notice. The trial court further noted that the type and quantity of copper are evidentiary facts that the State is not required to plead in the indictment. After the trial court denied his motion to reconsider, Sanchez entered a plea of no contest to the theft as charged in the indictment. He received deferred adjudication community supervision. Sanchez now appeals the denial of his motion to quash the indictment. *See* TEX. R. APP. P. 25.2(a)(2)(A).

### ANALYSIS

Sanchez raises three issues on appeal, arguing the indictment was vague and failed to provide him with adequate notice in violation of his due process rights, and that the Penal Code statute defining the offense is unconstitutional in that it fails to state a range of possible punishment and fails to define the word "copper." *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(F)(iii). Sanchez's second and third issues challenge the constitutionality of the theft statute, but were not raised in the trial court and therefore were not preserved for appellate review. TEX. R. APP. P. 33.1(a); *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (a defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal; it is a forfeitable right); *State v. Empey*, 502 S.W.3d 186, 190 (Tex. App.—Fort Worth 2016, no pet.) (pre-trial motion to quash is limited to facial challenges to constitutionality of statute).

In his first issue on appeal, Sanchez argues the trial court erred in denying his motion to quash because the indictment was too vague and failed to provide him adequate notice of the charged conduct so he could adequately prepare a defense, in violation of his due process rights under the Fifth Amendment. U.S. CONST. amend. V. We review a trial court's denial of a pre-trial motion to quash an indictment de novo. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007).

In all criminal prosecutions, an accused is guaranteed the right to demand the nature and cause of the action against him. TEX. CONST. art. I, § 10. This constitutional mandate requires that the charging document itself convey adequate notice from which the accused may prepare his defense, and the adequacy of the State's allegation must be tested by its own terms. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. 2004). The Texas Code of Criminal Procedure also provides guidelines relating to the sufficiency of an indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009) (listing the requirements of an indictment); *id.* art. 21.03 (West 2009) ("Everything should

be stated in an indictment which is necessary to be proved."); *see also id.* arts. 21.04-.09 (West 2009) (requirements regarding certainty, intent, venue, names, ownership of property, and description of property).  An indictment is deemed sufficient if it charges "the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment."  *Id.* art. 21.11 (West 2009).

When a pre-trial motion to quash is filed, the trial court analyzes the face of the indictment to determine whether it states the facts necessary to show that the offense was committed, to bar a subsequent prosecution for the same offense, and to give the defendant sufficient notice of the precise offense charged against him.  *Id.* arts. 21.04, 21.11; *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988); *State v. Newton*, 179 S.W.3d 104, 107–08 (Tex. App.—San Antonio 2005, no pet.).  The charging instrument must be specific enough to inform the accused of the nature of the accusation against him, in plain and intelligible words, so that he may understand the charge against him and prepare a defense.  *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998).  A motion to quash should only be granted when the language describing the defendant's conduct is so vague or indefinite that it denies the defendant effective notice of the acts he allegedly committed.  *DeVaughn*, 749 S.W.2d at 67.  "Subject to rare exceptions, an indictment which tracks the language of the penal statute will be legally sufficient and the State need not allege facts which are merely evidentiary in nature."  *Id.*; *see also Newton*, 179 S.W.3d at 107-08.

In his brief addressing his first issue, Sanchez does not specify in what manner he contends the indictment is deficient and fails to provide him with adequate notice of the charged offense. As in his written motion to quash, Sanchez simply argues that the indictment is too vague to provide him with fair notice and violates his due process rights.  At the trial court hearing, Sanchez

argued more specifically that the indictment failed to provide him with adequate notice because the "on or about" date was "too close to the statute of limitations," the value allegation of "less than $20,000.00" contained no minimum value, and the type or quality of "copper" was not specified. In the sections of his brief addressing his second and third issues challenging the constitutionality of the statute, Sanchez mentions that "less than $20,000" also "includes a penny," and that "copper" is found in various forms and its value depends on "how it is processed and the usage of [the] copper;" therefore, both terms are too vague to provide adequate notice. Even construing Sanchez's first issue liberally to include those arguments, they would fail.[2] Due process does not require the State to lay out its case in the indictment, only that the defendant must be informed of the specific conduct that allegedly violates the statute. *Moff*, 154 S.W.3d at 603. The indictment alleges that Sanchez committed theft by unlawfully appropriating property without the effective consent of the owner, D.R. Horton, with the intent to deprive the owner of the property, and that the value of the property, "namely: copper," was less than $20,000.00. As such, it sufficiently tracks the statutory language. *See* TEX. PENAL CODE. ANN. § 31.03(a), (e)(4)(F)(iii); *see also DeVaughn*, 749 S.W.2d at 67; *Newton*, 179 S.W.3d at 107-08. The type of copper is an evidentiary fact that need not be pled in the indictment in order to provide sufficient notice of the charged conduct. *Livingston v. State*, 739 S.W.2d 311, 321 (Tex. Crim. App. 1987). Besides providing notice of the specific conduct allegedly committed by Sanchez, the indictment's identification of the stolen property as "copper" and its allegation that the value of the copper is "less than $20,000" serves to inform the defendant of the degree of offense alleged. *See Campbell v. State*, 5 S.W.3d 693, 699 (Tex. Crim. App. 1999) (the property-value range for theft is a

---

[2] Sanchez cites no legal authority in support of either argument. *See* TEX. R. APP. P. 38.1(i); *see also McIntosh v. State*, 307 S.W.3d 360, 365 (Tex. App.—San Antonio 2009, pet. ref'd) (issue is inadequately briefed when appellant fails to cite legal authority in support of argument).

"jurisdictional element" characterizing the offense as a felony or misdemeanor, rather than "an element of the offense itself"). The statute designates the degree of the theft offense as a state jail felony based on the type and value of the property stolen — in this case, copper with a value less than $20,000. *See* TEX. PENAL CODE ANN. § 31.03 (e)(4)(F)(iii); *see also id.* § 12.35 (West Supp. 2017) (specifying the range of punishment for a state jail felony).

Because the indictment appropriately tracks the statutory language that defines the offense of theft of copper and identifies the offense as a state jail felony, it provides Sanchez with adequate notice of the offense charged against him and satisfies the requirements of due process. *See Moff*, 154 S.W.3d at 602; *see also Roberts v. State*, 278 S.W.3d 778, 791-92 (Tex. App.—San Antonio 2008, pet. ref'd). We therefore overrule Sanchez's first issue.

Based on the foregoing reasons, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH